**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| DON ERIC WEBB, )<br>      Petitioner, )<br>vs. )<br>)<br>WILLIAM STEPHENS, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>      Respondent. ) | No. 3:13-CV-4539-P (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition for relief under 28 U.S.C. § 2254 should be **DENIED**.

**I. BACKGROUND**

Don Eric Webb ("Petitioner") was an inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID) when he filed this petition for writ of habeas corpus under 28 U.S.C. § 2254. The respondent is William Stephens, Director of TDCJ-CID (Respondent).

**A.   Procedural History**

Petitioner was convicted of possession of cocaine and sentenced to twenty-five years' imprisonment on June 2, 1989, in the 204th District Court of Dallas County, Texas, in cause F89-1110-RQ. (SHCR at 58–59.)[1] He challenges the decision of the Texas Board of Pardons and Paroles to deny him street-time credit. (doc. 3 at 6-8, 13-21.)[2]

---

[1] "SHCR" refers to the State Habeas Clerk's Record, (doc. 11-1), followed by the page number of the record.

[2] Citations to the docket refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

Petitioner was received into TDCJ custody on September 7, 1989, and given pre-sentence time credit from March 28, 1989. (doc. 14-1.) He was released on parole in September 1991. (*Id.*) His parole was revoked on May 1, 2007, and he was awarded street-time credit from September 27, 1991 through November 25, 2003. (*Id.*) He was again released on parole on February 28, 2008. (*Id.*) The TDCJ Parole Division issued a pre-revocation arrest warrant on October 20, 2011, that was executed approximately nine months later. (*Id.*) Petitioner's parole was then revoked on August 21, 2012, and he was transferred to TDCJ custody one month later. (*Id.*) Although Petitioner received jail credit for the time he had spent in custody following two other arrests where the warrant was eventually withdrawn, he forfeited 3 years, 9 months, and 18 days of "street-time" sentence credit he had accrued while on parole. (*Id.*)[3]

On September 23, 2013, Petitioner filed a time dispute resolution (TDR) form with the Classification and Records Department (CRD) of TDCJ. (*Id.*) On October 3, 2013, the CRD responded that Petitioner's time had been adjusted and sent him a copy of a time sheet. (*Id.*) On April 22, 2013, Petitioner mailed his state application for writ of habeas corpus challenging the denial of his street-time credits, and the application was file-stamped in state court on April 26, 2013. SHCR at 2, 16. The Texas Court of Criminal Appeals (CCA) denied this petition without written order on the findings of the trial court without a hearing on October 23, 2013. *Ex parte Webb*, WR-80,102-01, at cover. Petitioner signed his § 2254 federal petition and placed it in the mail on November 6, 2013. (doc. 3 at 10.)

---

[3]Respondent attaches a time calculation affidavit that differs from the one it submitted in response to the state writ. The new affidavit reflects that Petitioner's time calculation was adjusted on or around October 3, 2013. The original affidavit reflected a forfeiture of 2 years, 9 months, and 18 days of street-time credit. (doc. 14-1.)

B. **Substantive Issues**

Petitioner raises five grounds for relief:

(1) his rights under the Due Process Clause are being violated because TDCJ is not crediting him with street-time (doc. 3 at 6-7, 18-20);

(2) he signed a Certificate of Parole under duress (doc. 3 at 7);

(3) the Double Jeopardy Clause is being violated because TDCJ is illegally extending the end of his sentence (doc. 3 at 13-14);

(4) it is a violation of the doctrine of Separation of Powers to allow the Texas Board of Pardons and Paroles to add time to the end of his sentence (doc. 3 at 14-17); and

(5) not providing him with credit for street-time constitutes cruel and unusual punishment (doc. 3 at 17).

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (c) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See id.* § 2244(d)(1)(A)-(D).

Petitioner has not alleged a state-created impediment (subparagraph (B)) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right (subparagraph (c)). The one-year statute of limitations is therefore calculated from the latest of the date petitioner's conviction became final (subparagraph (A)) or the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims (subparagraph (D)). Petitioner's conviction became final in 1989. Therefore, the one-year statute of limitations is calculated from the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

In his second ground, Petitioner claims that he was forced to sign his parole certificate under duress. (doc. 3 at 7.) He therefore knew of the factual predicate of his duress claim when he actually signed the parole certificate on February 28, 2008. (doc. 14-2, Exhibit B.) He had until February 28, 2009, to file his federal petition challenging the legality of his parole contract, absent statutory tolling. See 28 U.S.C. § 2244(d)(1). This claim was filed on November 6, 2013, over four years and seven months too late.

**A.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner did not file his state writ application until 2013, several years after he signed the certificate of parole in 2008. A document filed in state court after the limitations has expired does not operate to statutorily toll the limitations period. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Therefore, the statutory tolling provision does not save this claim.

B.      **<u>Equitable Tolling</u>**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). He bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, Petitioner presents no argument and no evidence that he was prevented from filing a federal petition raising a challenge to the conditions under which he signed his parole certificate.

5

He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his second ground is barred by the statute of limitations.

### III. LACK OF EXHAUSTION/ PROCEDURAL BAR

Respondent argues that Petitioner has failed to exhaust his claims in grounds two, three, and five, and that any attempt to exhaust them would be futile because the claims are now procedurally barred from review.

A petitioner must fully exhaust state remedies before seeking federal habeas relief. See 28 U.S.C. § 2254(b)(1)(A). This entails submitting the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir.1989). While a federal court has limited discretion to stay a habeas petition and hold it in abeyance so a prisoner can return to state court to exhaust previously unexhausted claims, see *Rhines v. Weber,* 544 U.S. 269, 275 (2005), Texas law prohibits a prisoner from filing a second or successive application for post-conviction relief if the grounds stated therein could have been, but were not, raised in a prior state writ. See Tex.Code Crim. Proc. Ann. art. 11.07, § 4 (Vernon 2005). Specifically, article 11.07, § 4 provides that the state habeas court may not consider the merits of or grant relief based on a subsequent application unless the application contains sufficient specific facts establishing that: 1) the claims could not have been presented previously in the previous application because the factual or legal basis for the claim was unavailable at that time; or 2) by a preponderance of the evidence, but for a violation of the United States Constitution, no rational juror could have found the applicant guilty beyond a reasonable doubt. Petitioner has not alleged, much less shown, that his second, third and fifth claims could not have been presented in his state writ application. *Id.* Procedural default at the federal habeas level

occurs when prisoner fails to exhaust available state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

Petitioner raised and exhausted grounds one and four. *See* SHCR at 7-15. He did not raise grounds two, three, and five in his state application for writ of habeas corpus, (*id.*), and he acknowledges that he did not raise these grounds because he "did not want to crowd my 11.07 application." (doc. 3 at 8.) Because these claims are unexhausted, and because the state of Texas would now find them to be procedurally barred, these ineffective assistance of counsel claims are also procedurally barred at the federal habeas level.

### IV. AEDPA STANDARD

Under 28 U.S.C. § 2254(d), as amended by AEDPA, a state prisoner may not obtain relief

> with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"In the context of federal habeas proceedings, a resolution (or adjudication) on the merits is a term of art that refers to whether a court's disposition of the case was substantive, as opposed to procedural." *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000). In this case, the denial of Petitioner's state writs constitute an adjudication on the merits. *See Ex parte Thomas*, 953 S.W.2d 286, 288-89 (Tex. Crim. App. 1997) (holding that a denial, rather than a dismissal, signifies an adjudication on the merits). The AEDPA standards in 28 U.S.C. § 2254(d) therefore apply.

Section 2254(d)(1) concerns pure questions of law and mixed questions of law and fact. *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). A decision is contrary to clearly established federal law, within the meaning of § 2254(d)(1), "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

With respect to the "unreasonable application" standard, *Williams* instructs that a writ must issue "if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413; *accord Penry v. Johnson*, 532 U.S. 782, 792 (2001). Likewise under *Williams*, a state court unreasonably applies Supreme Court precedent if it "unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." 529 U.S. at 407. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 409; *accord Penry*, 532 U.S. at 793.

Section 2254(d)(2) concerns questions of fact. *Moore v. Johnson*, 225 F.3d 495, 501 (5th Cir. 2000). Under § 2254(d)(2), federal courts "give deference to the state court's findings unless they were 'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000). The resolution of factual issues by the state court is presumptively correct and will not be disturbed unless the state prisoner rebuts the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**A.     Due Process**

In Ground One, Petitioner argues that the denial of street-time credit amounts to a violation of his right to due process of law.

The Texas statute providing for the terms of sentence credit while on parole, in effect at the time of Petitioner's 2012 parole revocation, reads in pertinent part:

> If the parole, mandatory supervision, or conditional pardon of a person other than a person described by Section 508.149(a) is revoked, the person may be required to serve the remaining portion of the sentence on which the person was released. For a person who on the date of issuance of a warrant or summons initiating the revocation process is subject to a sentence the remaining portion of which is greater than the amount of time from the date of the person's release to the date of issuance of the warrant or summons, the remaining portion is to be served without credit for the time from the date of the person's release to the date of revocation.

Tex. Gov't Code § 508.283(c) (West 2012). Under this statute, a parole violator can receive street-time credit only if the "remaining portion" of his sentence is less than the amount of time he has spent out on parole. *See Ex Parte Spann*, 132 S.W.3d 390, 392 (Tex. Crim. App. 2004).

In this case, when Petitioner was released to parole on February 28, 2008, his maximum sentence expiration date was June 9, 2016, a period of approximately 3,034 days (or about eight years and three months). (doc. 14-1 and 2, Exhibits A and B.)  While on parole, Petitioner was arrested on two different pre-revocation warrants that were later withdrawn. (doc. 14-1.) Petitioner received time credit for the time he spent in jail for each of the arrests. *Id.; see generally Ex parte Canada*, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988) ("[A]ny time spent in confinement pursuant to the execution of a pre-revocation warrant cannot be denied a parolee") (citations omitted). He therefore received time credits from May 27, 2009 through September 24, 2009, and from November 18, 2010 through February 25, 2011. (doc. 14-1.) On October 20, 2011, a third warrant was issued, eventually leading to the revocation of his parole on August 21, 2012. *Id.* Between the date he was

released on parole and the date the final warrant was issued, Petitioner spent approximately 1,111 days (or about three years) on parole. He needed to remain on parole for at least 1,517 days, however. (*See* doc. 14-1, noting that Petitioner forfeited street-time because he did not meet "the midpoint calculation date of 2-2-2012".) Because he did not reach the mid-point calculation date of February 2, 2012, Petitioner forfeited 3 years, 9 months, and 18 days of calendar street-time when his parole was revoked. (*Id.*) Accordingly, he is required to serve the remainder of his sentence without credit for the "street-time" accrued on parole prior to his revocation. *See* Tex. Govt. Code § 508.283(c). Moreover, this forfeiture does not amount to a violation of due process of law. *See Thompson v. Cockrell,* 263 F.3d 423, 426 (5th cir. 2001) (no liberty interest in retention of street time upon revocation of release status).

Petitioner's challenge to the loss of street time credit has already been considered and rejected on state habeas review. *Ex parte Webb*, WR-80,102, at cover, SHCR at 31-35. As to his claim that he was improperly denied street-time sentence credits upon his return to prison as a parole violator, the state habeas trial court entered specific findings of fact before concluding that Petitioner's "complaints regarding his street-time credits [were] without merit and should be denied." SHCR at 34. The Texas Court of Criminal Appeals adopted the trial court's findings in denying Petitioner's state application on this claim. *Ex parte* Webb, WR-80,102, at cover. Both the implicit and explicit findings of the Texas Court of Criminal Appeals are entitled to a presumption of correctness, which can only be rebutted with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see Neal v. Puckett,* 239 F.3d 683, 696 (5th Cir. 2001). Further, although the state court relied on an affidavit that was later modified, it is the "ultimate legal conclusion" of the state court that is to be tested for unreasonableness. Petitioner has failed to show that the Texas Court of

10

Criminal Appeals' decision was an unreasonable application of clearly established federal law or an unreasonable application of the facts in light of the evidence presented. His first ground for relief must be denied.

B.     **Separation of Powers**

In ground four, Petitioner contends that the determination by the Texas Board of Pardons and Paroles to deny him street time credit amounts to a violation of the Separation of Powers Doctrine.

The denial of street-time credit does not present a basis for habeas relief under the United States Constitution because "'[t]here is no constitutional or inherent right [] to be released prior to the expiration of a valid sentence.'" *See Gordon v. Quarterman*, No. 3:05-CV-0115-H, 2006 WL 3420138, at *2-3 (N. D. Tex. Nov. 27, 2006) (quoting *Hunter v. Quarterman*, No. 4:06-CV-342-A, 2006 WL 2914162, at *2 (N. D. Tex. Oct. 11, 2006). Accordingly, the denial of street-time credits to Petitioner does not violate the Separation of Powers Doctrine. *Id.* at 3 (citing *Hunter*, 2006 WL 2914162, at *1–3 & nn. 2–3 and *Jackson v. Johnson*, No. 3:01-CV-1553-D, 2001 WL 1478789, at *1–3 (N.D. Tex. Nov. 16, 2001)). Ground four should be denied.

V.  RECOMMENDATION

The petition for habeas corpus relief under § 2254 should be **DENIED** with prejudice.

**SIGNED on this 13th day of May, 2015.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

11

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE